IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00141-CMA-KMT

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

      Plaintiff(s),

v.

JAMES A. CASEY, and
BRITNEY BEAL-EDER, and
REAGAN LARKIN, and
THE CASTLE LAW GROUP, LLC, and
KARI KRULL, and
STEVEN ABREU,

      Defendant(s).

---

## MOTION TO DISMISS OF DEFENDANT CASEY

Defendant James A. Casey, by and through the Office of the Colorado Attorney General and the undersigned assistant attorney general, pursuant to Fed.R.Civ.P. 12(b), files this motion requesting the Court to dismiss all claims brought against him in this action, and for cause shows as follows:

### BACKGROUND

Plaintiffs bring this action against defendant Casey and others alleging their constitutional rights were violated in proceedings that resulted in defendant Casey authorizing the sale of their property. Defendant Casey is a

Magistrate in the Archuleta County Court, Colorado, *see*, Complaint, doc. #1, at 4, and is sued in his individual and official capacities, *id*. Specifically, Plaintiffs allege that a hearing was held in the Archuleta County Court on October 29, 2012, *id*., at 6, ¶ 11; that plaintiff David Brackhahn challenged the court's jurisdiction and moved for dismissal, *id*., ¶12; and that, despite this objection, Magistrate Casey went ahead and held a hearing, *id*., and authorized the sale of Plaintiffs' property, *id*., ¶14. From these allegations, Plaintiffs assert nine purported claims, of which only the fifth, seventh and eighth name Magistrate Casey. The fifth and eighth claims allege that defendant Casey and others violated rights protected by the Fourth, Fifth, Seventh, and Fourteenth Amendments, *id*., at 8, ¶21; while the sixth alleges vaguely that Magistrate Casey and others violated an oath they took to uphold the Constitution, *id*., at ¶ 21. For relief, Plaintiffs seek declaratory and injunctive judgments, plus damages and costs. *Id*., at 10.  Though they sue defendant Casey in both his individual and official capacities, their Complaint recites that he was at all relevant times "acting as a duly appointed official" and "performing his duties as a magistrate." *Id*., at 4.

## SUMMARY OF THE ARGUMENT

Plaintiffs' action should be dismissed in its entirety because it fails to state a claim upon which any relief can be granted. In the alternative, those

claims brought against Magistrate Casey should be dismissed under the *Younger* and/or *Rooker-Feldman* doctrines, the Eleventh Amendment, and the doctrines of absolute and qualified immunity.

## ARGUMENT

### A. Plaintiffs' Complaint fails to state a claim against defendant Casey upon which any relief can be granted.

The totality of Plaintiffs' allegations against Judge Casey are that he and others "… are in violation of clearly established laws protected under the 4th, 5th, 7th, and purview 14th amendments [sic]," doc. #1 at 8, ¶21; that he and others "gave their word through an Oath to uphold the Constitution of the United States and the State of Colorado and should have known that any other action is in violation of said oath," *id.*, ¶22; and that he "acted in fraud" and knew or should have known that taking action against Plaintiffs "would be a fraudulent act as he lacked a lawful complaint and affidavit of an injured party to give him the elements to initiate jurisdiction of the court," *id.*, ¶24. These conclusory and unsupported assertions are insufficient to state a claim for relief, and "[m]ore than an unadorned, the defendant-unlawfully-wronged-me accusation" is required to defeat a motion to dismiss for failure to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

3

In § 1983 actions against "government actors sued in their individual capacities . . . it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as the basis of the claims against him or her, as distinguished from collective allegations ..." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir.2008) (emphases in original).

While courts may excuse a *pro se* litigant's failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, courts cannot take on the responsibility of serving as the litigant's attorney in constructing his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Where claims in *pro se* pleadings are supported only by vague and conclusory allegations, the court should not assume the role of advocate, and should properly dismiss them, *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir.1992), because a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged, *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Further, Plaintiffs' claims against defendant Casey in his official capacity cannot be sustained because he is not subject to suit under 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71

4

(1989) (holding that "neither a State nor its officials acting in their official capacities are "persons" under §1983").  Accordingly, Plaintiffs' claims against defendant Casey should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which any relief can be granted.

**B. *Younger* and *Rooker-Feldman* doctrines require dismissal of Plaintiffs' claims against defendant Casey**

Plaintiffs are asking this Court to enter an order, *inter alia*, declaring their property immune from seizure "except under warrant of the law," doc. #1 at 10, and enjoining defendants "from undertaking enforcing maintaining or adopting policies procedures and practices or acts of and contracting or ordering Brackhahns from their property," *id*.

The *Younger*[1] doctrine obliges federal district courts to abstain from exercising jurisdiction when their judgment on a claim would interfere with an ongoing state proceeding, *D.L. v. Unified School Dist. No. 497*, 392 F.3d. 1223, 1227-8 (10th Cir. 2004), and requires that a federal court refrain from hearing an action, even when it has jurisdiction, "when [the] federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) affords an adequate opportunity to raise the federal claims." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002).

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

According to Plaintiffs, the county court entered a judgment authorizing the sale of Plaintiffs' property on December 31, 2012. *See*, affidavit filed with Plaintiffs' Complaint, doc. # 1 at 15, ¶32. There is no question here but that an order from this Court enjoining the enforcement of that judgment would directly interfere with ongoing state court proceedings. The Complaint does not disclose whether Plaintiffs appealed that order as authorized by R. 411 of the Colorado Rules of County Court Civil Procedure, or show that they were unable to pursue such an appeal and obtain therefrom the relief they are seeking from this Court. When a state forum provides an adequate avenue of relief, federal courts should not interfere by granting the same relief, *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002), and it is a plaintiff's burden to establish that state law prevents him from presenting his federal claims in state proceedings, *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999). Matters involving land ownership implicate important state interests and are "matters which traditionally look to state law for their resolution…" *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). Once a court finds that the three *Younger* conditions are present, abstention is mandatory. *Amanatullah, at 1163* ("*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances").

6

In the event Plaintiffs did not appeal the county court judgment and it be-

came final, this Court lacks jurisdiction to sit in appellate review, because it is

well settled that a federal district court does not have subject matter jurisdiction

to review a case that was resolved by state courts. *Rooker v. Fid. Trust Co.*, 263

U.S. 413 (1923) (only the U.S. Supreme Court can hear appeals from final judg-

ments of state courts); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16

(1983) ("lower federal courts possess no power whatever to sit in direct review of

state court decisions").   The *Rooker-Feldman* doctrine bars "a party losing in

state court … from seeking what in substance would be appellate review of the

state judgment in a United States district court, based on the losing party's

claim that the state judgment itself violates the loser's federal rights." *Johnson*

*v. De Grandy*, 512 U.S. 997, 1005-6 (1994).[2]

## C. The claims against defendant Casey are barred by absolute immunity

It is axiomatic that judges are immune from claims brought against them

for alleged acts done in their judicial role. *Harlow v. Fitzgerald*, 457 U.S. 800,

807 (1982) (judges have absolute immunity in their judicial functions). This

immunity applies to 1983 actions, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)

("Judges defending against § 1983 actions enjoy absolute immunity from

---

[2] Additionally, this action may also be barred by *res judicata* and collateral es-
toppel.

7

damages liability for acts performed in their judicial capacities"), and remains a bar even where a plaintiff alleges the judge was malicious or acted without jurisdiction, *Bradley v. Fisher*, 80 U.S. 335, 336 (1871) ("Judges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"); or even where it is alleged that their "exercise of authority is flawed by the commission of grave procedural errors," *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir.2000). The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, vindictive, or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities. *Smith v. Losee*, 485 F.2d 334, 341 (10th Cir. 1973). As a magistrate acting in a judicial role, defendant Casey is therefore absolutely immune to Plaintiffs' claims for money damages. *Stump v. Sparkman*, 435 U.S. 345, 359 (1978).

D. **The Eleventh Amendment bars all claims against defendant Casey in his official capacity**

While 42 U.S. § 1983 applies to "[e]very person" who, under color of state law, deprives a citizen of rights, privileges, and immunities secured by the federal Constitution and laws, the words "every person" are defined to exclude state

8

agencies and officials in 1983 actions. *See, e.g., Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (neither a State nor its officials acting in their official capacities are "persons" under § 1983). Therefore, Plaintiffs' § 1983 claims asserted against defendant Casey in his official capacity should properly be dismissed for lack of subject matter jurisdiction.

### E. Defendant Casey is qualifiedly immune to all claims brought against him in his individual capacity

To the extent defendant Casey is sued in his individual capacity, he is qualifiedly immune. When a defendant raises a qualified immunity defense, the plaintiff must establish that the defendant's conduct violated a federal constitutional or statutory right that was so clearly established at the time of the violative conduct that the defendant should have known such conduct was unconstitutional. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal"). Here, Plaintiffs' Complaint fails to allege any specific violation of any clearly established right, and it should accordingly be dismissed.

### CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant Case respectfully requests the Court to enter an order dismissing all claims brought against

9

him in this action, awarding him costs and fees incurred in presenting his de-

fense, and granting him all other relief to which he is by law entitled.

JOHN W. SUTHERS
Attorney General


*s/Andrew M Katarikawe*
ANDREW M KATARIKAWE*
Senior Assistant Attorney General
Tort Litigation
Civil Litigation and Employment Law
  Section
Attorneys for Defendant(s)

1300 Broadway, 10th Floor
Denver CO 80203
Tel: 720-508-6000
Fax: 720-508-6032
E-Mail:  andrew.katarikawe@state.co.us

*Counsel of Record

10

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing MOTION TO DISMISS OF DEFENDANT CASEY upon all parties herein by e-filing with the CM/ECF system maintained by the court and by depositing copies of same in the United States Mail, with first-class postage prepaid, at Denver, Colorado, this 19th day of February, 2013, addressed as follows:

David and Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, CO 81147

*s/  Denise Munger*