UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00141-CMA-KMT

DAVID BRACKHAHN and
CATHERINE BRACKHAHN,

    Plaintiffs

v.

BRITNEY BEAL-EDER;
REAGAN LARKIN;
THE CASTLE LAW GROUP, LLC;
JAMES A. CASEY;
STEVEN ABREU;
KARI KRULL;
GMAC MORTGAGE, LLC; and
JOHN DOES 1-10,

    Defendants

## MOTION TO CORRECT ORDER PURSUANT TO FED.R.CIV.P. 60(a) REGARDING GMAC MORTGAGE BANKRUPTCY

Defendant GMAC Mortgage, LLC ("GMAC Mortgage") submits the following Motion to Amend Order Pursuant to Fed.R.Civ.P. 60(a) Regarding GMAC Mortgage Bankruptcy. In support of this motion, GMAC Mortgage states as follows:

1. As required under D.C.COLO.LCivR 7.1(a), GMAC Mortgage has conferred with Plaintiffs as well as counsel for the remaining Defendants regarding this motion.

    a. Plaintiffs oppose this motion.

    b. Defendants Britney Beal-Eder, Reagan Larkin and The Castle Law Group, LLC do not oppose this motion.

      c.      Defendant James A. Casey does not oppose this motion.

2. GMAC Mortgage respectfully requests that the Court correct its February 20, 2013 order (Doc. No. 17) staying *all* proceedings in this case against GMAC Mortgage as a result of Bankruptcy Case No. 12-1202(MG), United States Bankruptcy Court, Southern District of New York, to reflect that only those claims asserted by Plaintiffs seeking to recover a monetary judgment against GMAC Mortgage are stayed while Plaintiffs' claims challenging GMAC Mortgage's right to obtain title to and possession of the property that is the subject of this action are not stayed.

3. In January 2013, Defendant GMAC Mortgage foreclosed on certain real property owned at one time by Plaintiffs through the Archuleta County Public Trustee. Title to the property has been transferred to GMAC Mortgage.

4. Plaintiffs filed their complaint against GMAC Mortgage and the other Defendants asserting nine claims for relief. In the nine causes of action identified, Plaintiffs contend that their constitutional rights have been violated in various ways and seek significant compensatory and punitive damages against the Defendants. Additionally in their prayer for relief, Plaintiffs seek two non-monetary remedies. Specifically, Plaintiffs request:

      a.      That the Court enter an order "[d]eclaring David and Catherine Brackhahn immunity of their property from seizure except under warrant of the

law.  They owe nothing to the public so long as they don't trespass upon their rights."  Complaint, page 10, paragraph "a."[1]

     b.    That the Court enter "a preliminary injunction restraining and enjoining defendants from undertaking enforcing maintaining or adopting policies procedures and practices or acts of contracting or ordering Brackhahns from their property."  Complaint, page 10, paragraph "b."

5.    GMAC Mortgage filed a motion to dismiss Plaintiffs' complaint in its entirety on February 13, 2013 (Doc. No. 9).

6.    On February 15, 2013, GMAC Mortgage filed a Notice of Bankruptcy and Suggestion of Automatic Stay with this Court (Doc. No. 14).  In the Notice, GMAC Mortgage advised the Court that based on a bankruptcy petition filed by Residential Capital, LLC and certain of its direct and indirect subsidiaries including GMAC Mortgage an automatic stay under section 362(a) of the Bankruptcy Code had been entered precluding the commencement or continuation of any claims or defenses to obtain possession of property of the Debtors' Chapter 11 estates or any acts to collect, assess or recover a claim against the Debtors arising prior to the Petition Date.  <u>See</u> Notice, p. 2.

7.    GMAC Mortgage further advised the Court that while this stay existed, on July 13, 2012, the Bankruptcy Court entered a final supplemental order granting GMAC Mortgage limited relief from the automatic stay to permit non-Debtor parties in

---

[1] GMAC Mortgage cites to Plaintiffs' complaint verbatim without editing or identifying any possible errors.

foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to assert and prosecute certain defenses, claims and counterclaims.

8.      In particular, in the final supplemental order (Doc. No. 14-1), paragraph 14(a), the Bankruptcy Court modified the automatic stay to allow "a borrower, mortgagor, or lienholder (each, an "Interested Party") to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor [including GMAC Mortgage] for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment…permitting the foreclosure or eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims."

9.      Paragraph 14(b) of the final supplemental order (Doc. No. 14-1) provides that the automatic stay "shall remain in full force and effect with respect to all pending and future Interested party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested party to assert a claim to defend against or otherwise enjoin or preclude a foreclosure…; (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction…."

10.     Based on the final supplemental order, the non-monetary remedies sought by Plaintiffs in their prayer for relief – a declaration finding that they hold title to the

property at issue in this action and are entitled to remain in possession of the property as well as an injunction precluding the Defendants including GMAC Mortgage from dispossessing them of the subject property – are excepted from the automatic stay and should be permitted to proceed to resolution.  Plaintiffs' remaining claims, all of which seek monetary damages against GMAC Mortgage (as well as the other Defendants) are subject to the automatic stay and may not be prosecuted until the bankruptcy is resolved or relief from the stay with respect to such claims is granted.

WHEREFORE, GMAC Mortgage respectfully requests that the Court correct its February 20, 2013 order staying all proceedings against GMAC Mortgage to reflect that to the extent that Plaintiffs are seeking to invalidate or unwind the foreclosure that has occurred, to prevent GMAC Mortgage from evicting Plaintiffs from the property that is at issue in this action, or to have title to the property foreclosed upon restored in their name, such claims may proceed to resolution in this litigation and are not stayed by the automatic bankruptcy; however, all claims asserted by Plaintiffs seeking monetary damages are stayed.

Respectfully submitted this 3rd day of April, 2013.

LOWE, FELL & SKOGG, LLC

*s/ Karen L. Brody*
Karen L. Brody
1099 Eighteenth Street, Suite 2950
Denver, Colorado 80202
Phone:  720.359.8200
Fax:  720.359.8201
Email:  kbrody@lfslaw.com

ATTORNEYS FOR GMAC MORTGAGE, LLC

CERTIFICATE OF SERVICE

  I hereby certify that on the 3rd day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Philip A. Vaglica
vaglica@vaglica.com
pvaglica@cmsatty.com

Christopher T. Groen
cgroen@cmsatty

Andrew M. Katarikawe
Andrew.kataraikawe@state.co.us

and I have mailed the document to the following non-CM/ECF participant via United States mail, first class postage prepaid:

David Brackhahn
122 Clearwater Dr.
Pagosa Springs, CO 81147

Catherine Brackhahn
122 Clearwater Dr.
Pagosa Springs, CO 81147

            *s/ Anne Van Teyens*