IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00141–CMA–KMT

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

    Plaintiffs,

v.

BRITNEY BEALS-EDER, The Castle Law Group Attorney # 34935,
REAGAN LARKIN, The Castle Law Group Attorney # 42309,
THE CASTLE LAW GROUP, LLC,
JAMES A. CASEY, Magistrate District Court, Archuleta County, CO,
STEVEN ABREU, CEO, GMAC Mortgage, LLC,
KARI KRULL, Witness and Litigation Analyst GMAC Mortgage, LLC,
GMAC MORTGAGE, LLC, and
JOHN DOES 1-10,

    Defendants.

## ORDER

    This matter is before the court on Defendant GMAC Mortgage, LLC's "Motion to Correct Order Pursuant to Fed. R. Civ. P. 60(a) Regarding GMAC Mortgage Bankruptcy" ("Defendant GMAC") (Doc. No. 35, filed April 3, 2013).

    On February 15, 2013, Defendant GMAC filed a "Notice of Bankruptcy and Suggestion of Automatic Stay." (Doc. No. 14.) According to the Notice, on May 14, 2012, Residential Capital, LLC, and certain of its direct and indirect subsidiaries, including GMAC Mortgage, LLC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408. (Doc. No. 14.) On February 20, 2013, this court entered an Order staying all proceedings against Defendant GMAC unless and until relief from the automatic stay in Bankruptcy Case No. 12-12020(MG) is granted. (Doc. No. 17.) In the present Motion, Defendant GMAC advises that the Bankruptcy Court entered a final supplemental order granting GMAC Mortgage limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to assert and prosecute certain defenses, claims and counterclaims. (*Id.*, ¶ 7; Doc. No. 35, ¶ 7.)

Specifically, the Bankruptcy Court modified the automatic stay to allow "a borrower, mortgagor, or lienholder (each, an "Interested Party") to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor [including GMAC Mortgage] for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment…permitting the foreclosure or eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims." (Doc. No. 35, ¶ 8; Doc. No. 14-1, ¶ 14(a).) The supplemental order also provides that the automatic stay "shall remain in full force and effect with respect to all pending and future Interested party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested party to assert a claim to defend against or

otherwise enjoin or preclude a foreclosure…; (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction….." (Doc. No. 35, ¶ 9; Doc. No. 14-1, ¶ 14(b).)

Based on the final supplemental order, the non-monetary remedies sought by Plaintiffs in their prayer for relief – a declaration finding that they hold title to the property at issue in this action and are entitled to remain in possession of the property as well as an injunction precluding the Defendants, including GMAC Mortgage, from dispossessing them of the subject property— are excepted from the automatic stay and should be permitted to proceed to resolution. Plaintiffs' remaining claims, all of which seek monetary damages against GMAC Mortgage (as well as the other Defendants) are subject to the automatic stay and may not be prosecuted until the bankruptcy is resolved or relief from the stay with respect to such claims is granted.

Therefore, it is

**ORDERED** that Defendant GMAC Mortgage, LLC's "Motion to Correct Order Pursuant to Fed. R. Civ. P. 60(a) Regarding GMAC Mortgage Bankruptcy" (Doc. No. 35) is **GRANTED**. The Order staying all proceedings against Defendant GMAC Mortgage as a result of Bankruptcy Case No. 12-1202(MG) (Doc. No. 17) is modified as follows:

1. To the extent Plaintiffs are seeking to invalidate or unwind the foreclosure that has occurred, to prevent GMAC Mortgage from evicting Plaintiffs from the property that is at issue in this action, or to have title to the property foreclosed upon restored in their name, such claims may proceed to resolution in this litigation and are not stayed by the automatic

bankruptcy stay. All claims asserted by Plaintiffs seeking monetary damages are stayed unless and until relief from the automatic stay in Bankruptcy Case No. 12-12020(MG) is granted.

2. Defendant GMAC Mortgage, LLC, is ORDERED to file a status report in this case within ten days of any relief from stay in the bankruptcy case.

Dated this 3rd day of April, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge