IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00141-CMA-KMT

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

      Plaintiff(s),

v.

JAMES A. CASEY, and
BRITNEY BEAL-EDER, and
REAGAN LARKIN, and
THE CASTLE LAW GROUP, LLC, and
KARI KRULL, and
STEVEN ABREU,

      Defendant(s).

---

## DEFENDANT CASEY'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

---

Defendant James A. Casey, by and through the Office of the Colorado Attorney General and the undersigned assistant attorney general, files this Reply in support of his motion to dismiss.

In their Response, doc. #28, Plaintiffs continue their circular argument that a court loses jurisdiction over a party when the party says so, doc. #28 at 32; providing absolutely no authority in support of

that proposition. They fail to show why their claims against Defendant Casey should not be dismissed.

Throughout their Response, Plaintiffs contend that the grounds Defendant Casey has asserted for dismissal are "nothing more than a statement of counsel without any supporting affirmation or affidavit," *see, e.g.*, doc. #28 at 6, 11, 16, 21, 32. They repeatedly cite to a Pennyslvania district court case, *Trinsey v. Pagliaro*, 229 F.Supp. 647 (U.S. District Court for the Eastern District of Pennsylvania, 1964); a case that turned on the resolution of factual disputes, unlike the instant case. *Trinsey* involved a dispute over land ownership, *id.*, at 648, and the defendants there moved for dismissal arguing that the issues the plaintiffs raised would be resolved during an upcoming arbitration proceeding. The court declined to grant the motion, observing that there was nothing in the record before it, other than counsel's statement at oral argument, to warrant a determination that the arbitration proceedings would address the land ownership question. *Id.*, at 648-9.

Here, in contrast, the facts are straightforward and undisputed. Plaintiffs were served with a notice of hearing. Doc. #1 at 5. They

challenged the court's jurisdiction. *Id*. Judge Casey overruled their jurisdictional objection, held the hearing, and, at the conclusion of the hearing, authorized the sale of their property. *Id*., at 6; 14-15. Plaintiffs continue to argue that the hearing was unconstitutional and deprived them of rights they "never relinquished," doc. #28 at 7; that Defendant Casey and others "br[ought] them into an administrative hearing without their consent," *id*., at 9; and that denial of their jurisdictional challenge without a hearing[1] was a violation of clearly established law. *Id*. at 13. They provide no authority, other than their own affidavit, *id*., to show that they were entitled to a hearing.

Citing *Trinsey* again, Plaintiffs argue that Defendant Casey's *Younger* argument is "hearsay" and "no more than an opinion of the counsel," doc. #28 at 11, because it is unsupported by affirmation or affidavit "to show that the Younger doctrine can be enacted in the instant matter," *id*. at 12. Defendant Casey is not alleging any facts: he

---

[1] This, notwithstanding that Plaintiffs also allege they brought up the challenge to jurisdiction during the hearing and the court stated it would take that under advisement. Doc. #1 at 6, ¶¶ 11, 12.

is merely pointing out that Plaintiffs' pleadings have failed to allege sufficient facts to sustain a claim against him.

Plaintiffs argue that *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), which held that neither a State nor its officials acting in their official capacities are "persons" under §1983, is a "rather weak case" and "irrelevant" simply "[b]ecause of the number of justices who dissented." Doc. #28 at 23. They do not show that it has been overturned and is no longer controlling precedent. They further argue that Defendant Casey had no immunity because a judicial officer acting outside his judicial role does not have immunity, doc. #28 at 21, but they fail to show what he did, beyond presiding over the hearing, that was outside of his judicial role.

WHEREFORE, for the reasons stated in his Motion to Dismiss, Defendant Casey requests this Court to grant his motion and dismiss all claims against him, and to award him all relief to which he is by law entitled.

JOHN W. SUTHERS
Attorney General


*s/Andrew M Katarikawe*

ANDREW M KATARIKAWE*
Senior Assistant Attorney General
Tort Litigation
Civil Litigation and Employment Law
  Section
Attorneys for Defendant(s)

1300 Broadway, 10th Floor
Denver CO 80203
Tel: 720-508-6000
Fax: 720-508-6032
E-Mail:  andrew.katarikawe@state.co.us

*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing DEFENDANT CASEY'S REPLY IN SUPPORT OF MOTION TO DISMISS upon all parties herein by e-filing with the CM/ECF system maintained by the court and by depositing copies of same in the United States Mail, with first-class postage prepaid, at Denver, Colorado, this 15th day of April, 2013, addressed as follows:

David Brackhahn
122 Clearwater Drive
Pagosa Springs, CO 81147

Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, CO 81147

*s/  Denise Munger*