**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13–cv–00141–CMA–KMT

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

       Plaintiffs,

v.

BRITNEY BEALL-EDER, The Castle Law Group Attorney # 34935,
REAGAN LARKIN, The Castle Law Group Attorney # 42309,
THE CASTLE LAW GROUP, LLC,
JAMES A. CASEY, Magistrate District Court, Archuleta County, CO,
STEVEN ABREU, CEO, GMAC Mortgage, LLC,
KARI KRULL, Witness and Litigation Analyst GMAC Mortgage, LLC,
GMAC MORTGAGE, LLC, and
JOHN DOES 1-10,

       Defendants.

---

**REPLY OF DEFENDANTS THE CASTLE LAW GROUP, LLC, BRITNEY BEALL-EDER, AND REAGAN LARKIN IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

      Defendants The Castle Law Group, LLC ("CLG"), Britney Beall-Eder ("Beall-Eder"), and Reagan Larkin ("Larkin") (collectively, the "Castle Defendants"), by and through Phillip A. Vaglica, of counsel, and Christopher T. Groen, hereby submit the following reply in support of their Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. # 10] and, in support thereof, state as follows:

## I. **REPLY**

As their response to the Castle Defendants' Motion to Dismiss, the plaintiffs filed a motion seeking to "strike" the Motion to Dismiss, either in its entirety or, alternatively, in part.[1] Within their Motion to Strike (hereinafter, the "Response"), the plaintiffs have chosen not to address the Castle Defendants' arguments that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine, that the plaintiffs are not the real parties in interest to pursue the claims asserted in this action, nor that their emotional distress claim is implausible. For purposes of efficiency and judicial economy, the Castle Defendants will not restate those arguments herein, but will stand on the arguments contained in the Motion to Dismiss. As shown below, the remaining arguments advanced by the plaintiffs are either inapplicable, misplaced, or frivolous, and the Motion to Dismiss with prejudice should be granted.

### A. Plaintiffs' Request to "Strike in Whole"

In their Motion to Dismiss, the Castle Defendants set forth the standard of review applicable to a Rule 12(b)(6) motion to dismiss, i.e. "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Motion to Dismiss argues that the plaintiffs' complaint does not meet this standard.

---

[1] As the Court recognized in its April 1, 2013 minute order [Doc. # 32], the Castle Defendants' motion to dismiss is not a pleading that may be the subject of a motion to strike.

In response, the plaintiffs cite *Conley v. Gibson*, 355 U.S. 41 (1957) in support of their position that "[a] complaint should not be dismissed unless it appears that the [plaintiff] could 'prove no set of facts in support of his claim which would entitle him to relief.'" Doc. 27, p. 3 ¶ b.  It is relatively common knowledge in the universe of federal practice and procedure that, in addition to "retir[ing]" *Conley's* famous "no set of facts" standard, *Twombly* introduced the concept of "plausibility" as the dividing line between complaints that do and do not state a claim.  As such, the plaintiffs' reliance on Conley is misplaced.  The plaintiffs also quote *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172 (U.S. 1965) as representing that "[f]or the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted." Doc. 27, p. 3, ¶ b.  However, neither that quote, nor any dicta even resembling the quote, exist in the case cited.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).  Plausibility, in the context of a motion to dismiss, means that a plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 678-681.

Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

Analytically, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

As addressed more fully in the Motion to Dismiss, none of the allegations within the complaint, even when liberally construed, are anything more than conclusory assertions of statutory or constitutional torts unsupported by any facts. The Response does not cure or rectify this fatal defect because the plaintiffs have identified no supporting material facts upon which any plausible claim against the Castle Defendants could be based.

Even assuming *arguendo* that the plaintiffs have pleaded facts sufficient to comprise any plausible claim, to the extent that the focus of their complaint is a violation of "rights" secured to the plaintiffs by the United States Constitution or 42 U.S.C. § 1983,

4

the plaintiffs have also failed to show that the Castle Defendants were acting "under color of state law," nor have they demonstrated any identifiable "state action" necessary to support such claims. In conclusory form, the Response suggests that the Castle Defendants "knew or should have known that bringing Plaintiffs under an administrative hearing was a deprivation of Plaintiffs(sic) rights." Doc. # 27, p. 6. In other words, the plaintiffs' argument is that the Castle Defendants, in representing a client in a foreclosure which was conducted in strict compliance with the applicable Colorado law (*i.e.* C.R.S. § 38-38-100.3 *et. seq.* and C.R.C.P. 120), somehow violated the plaintiffs' due process rights. This argument has no merit.[2]

A foreclosure proceeding does not constitute state action for due process purposes, since the power of sale exercised on behalf of a creditor is a right created by contract between the parties rather than by statute. *See, e.g. Warren v. Government Nat. Mortg. Ass'n.*, 611 F.2d 1229 (8th Cir. 1990). Additionally, the plaintiffs have not set forth any facts suggesting that the Castle Defendants are persons for whom the state is responsible, or that they can fairly be said to represent the state itself. *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 352 (1974). The plaintiffs' argument is especially nonsensical when considering the plaintiffs' considerable participation in the C.R.C.P. 120 process. *Cf. Moreland v. Marwich*, Ltd., 629 P.2d 1095, 1097 (Colo. App. 1981) (holding that a Rule 120 proceeding did not involve a denial of due process where

---

[2] An attorney cannot be "hauled into court" based upon the contents of a complaint he drafted and filed on behalf of a client in a non-collection action. *See Cook v. Hamrick*, 278 F. Supp. 2d 1202 (D. Colo. 2003).

the debtor was able to file an independent action to protect their property, but failed to take advantage of that opportunity), rev'd on other grounds, 665 P.2d 613 (Colo. 1983). In sum, the plaintiffs have not set forth any material facts, either identifying any "state action" or suggesting that the Castle Defendants were acting "under color of state law," which are required to create a plausible due process violation against private persons or entities like the Castle Defendants.  *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); *Shelley v. Kraemer*, 68 S. Ct. 836, 842 (1948).  Accordingly, the plaintiffs' claims should be dismissed.

### B. Plaintiffs' Request to "Strike in Part"

The plaintiffs' request to "strike in part" contests the status of service and various arguments included in the Motion to Dismiss.  The Castle Defendants address each of the plaintiffs' contentions briefly below.

#### a. Related Cases and Freemen.

The plaintiffs take issue with the footnotes included on pages 1 and 5-6 of the Motion to Dismiss.  The footnote on page 1 advises the court of a complaint filed in this district by plaintiffs residing in the same community as the plaintiffs in this case. D.C.COLO.LCivR 7.5 requires a party to file a notice advising the court of any related cases that have at least one party in common and that have common questions of law and fact.  The related case identified by the Castle Defendants has one party in common, i.e. Magistrate James Casey, and involves the same questions of law since

the complaints are substantively identical.[3] The "issue" taken by the plaintiffs is of no import and should be ignored.

The footnote included on pages 5-6 is included in order to shed some light on – and bring context to – the beliefs underlying the claims presented in the complaint. The brief informative footnote is neither irrelevant nor inflammatory.

### b. Service Upon Larkin and Beall-Eder.

The plaintiffs represent that they have served Larkin and Beall-Eder, are in possession of the affidavits of service, and are not required by the Rules of Civil Procedure to file the affidavits. Quite simply, the plaintiffs' representation that Larkin and Beall-Eder have been served is untrue, and contrary to their beliefs, Fed. R. Civ. P. 4(l) requires the plaintiffs to file proof of service. Further, Fed. R. Civ. P. 4(m) provides that the court may dismiss an action if a plaintiff has not provided proof of service within 120 days.

It is the plaintiffs' burden to establish the validity of service of process, and they cannot do so. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). As a consequence, the plaintiffs' complaint should be dismissed. *Lasky v. Lansford*, 76 Fed. Appx. 240, 242 (U.S. App. 2003).

### c. Fraud Claims/Particularity.

In the Motion to Dismiss, the Castle Defendants noted that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged

---

[3] It is telling that the plaintiffs in the related case also filed a "motion to strike" the defendants' motions to dismiss on March 18, 2012. *See,* USDC-Colorado Case No. 13-cv-00142-PAB-KLM, Docs. # 16, 20.

fraud." *United States ex rel. Schwartz v. Coastal Healthcare Grp., Inc.*, 232 F.3d 902 (10th Cir. 2000) (unpublished table decision).  Further, "[t]o survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Midgley v. Rayrock Mines, Inc.*, 374 F. Supp.2d 1039, 1047 (D.N.M. 2005) (quoting *Schwartz v. Celestial Seasonings*, 124 F.3d 1246, 1252 (10th Cir. 1997)).

Rather than attempting to detail any examples of fraud involving the Castle Defendants, the plaintiffs respond by stating that their "Complaint clearly gives *enough* detail…to notify the court as to the *who, what, when, where*, and *how* the fraud occurred…" Doc. # 27, p. 7.  The plaintiffs' response is representative of a problem which plagues the entire complaint, i.e. a lack of the identification of any material facts.  More specifically, the plaintiffs have failed to identify which actions were fraudulent and the factual basis to support those assertions, nor have they identified who took the alleged fraudulent actions, when they were taken, or under what circumstances.  Because the plaintiffs' fraud claims have failed to satisfy Rule 9(b), they must be dismissed pursuant to *Twombly* and its progeny.

### d.  "State Law" References.

The plaintiffs also complain about references to "state law" included in pages 16-19 of the Motion to Dismiss.  Those particular portions of the Motion to Dismiss address the lack of "state action" requirement of the Fourteenth Amendment and the "under color of state law" requirement of 42 U.S.C. § 1983.  As noted in the Motion to

Dismiss, those two requirements to properly state a constitutional tort are substantively identical. The complaint contains claims based upon both the Fourteenth Amendment and 42 U.S.C. § 1983. Therefore, any analysis of those precepts could not be immaterial, impertinent, and scandalous.

### e. The C.R.C.P. 120 Action.

Finally, the plaintiffs complain about that portion of the Motion to Dismiss which discusses the plaintiffs' actions taken in the C.R.C.P. 120 proceeding. Much of the information included in the identified page, page 21, is either taken directly from the complaint, as indicated by the included citations, or contained within publicly-available court records. While the plaintiffs state that the "events" in the C.R.C.P. 120 proceeding "have no bearing on the complaint," this position is unsupportable given the nature of the claims asserted. The plaintiffs have alleged a denial of due process in the C.R.C.P. 120 proceeding; therefore, the history of activity in that proceeding is significantly relevant in determining whether such a claim actually exists. Additionally, it is well-established that in evaluating a Rule 12(b)(6) motion to dismiss, the court may consider exhibits attached to the complaint, and documents or exhibits that are referenced in or central to the complaint without triggering the conversion facet of the Rule. *See Indus. Constr. Corp. v. U.S. Bureau of Recl.*, 15 F.3d 963, 964-65 (10th Cir. 1994); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Thus, this "issue" raised by the plaintiffs is specious.

WHEREFORE, defendants The Castle Law Group, LLC, Britney Beall-Eder, and Reagan Larkin request that the plaintiffs' complaint be dismissed with prejudice, and that

they be awarded their attorneys' fees and costs against the plaintiffs since the action filed by the plaintiffs is frivolous, groundless, manufactured and vexatious.

Respectfully submitted this 15th day of April, 2013.

                                      THE CASTLE LAW GROUP, LLC

                                      /s/ *Phillip A. Vaglica*
Phillip A. Vaglica, of counsel
Christopher T. Groen
999 Eighteenth Street, Suite 2201
Denver, Colorado 80202
(303) 865-1400
Fax: (303) 865-1410
cgroen@cmsatty.com
vaglica@vaglica.com; pvaglica@cmsatty.com

*Attorneys for the Castle Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 15th day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Karen Lynn Brody**
  kbrody@lfslaw.com,kstankov@lfslaw.com,avanteyens@lfslaw.com
- **Andrew Mutabaazi Katarikawe**
  andrew.katarikawe@state.co.us,denise.munger@state.co.us

and mailed via US mail, first class postage prepaid, to:

David Brackhahn
122 Clearwater Dr.
Pagosa Springs, CO 81147

Catherine Brackhahn
122 Clearwater Drive
Pagosa Springs, CO 81147

          THE CASTLE LAW GROUP, LLC

          s/ *Colette Poeppel*
          Colette Poeppel, paralegal