IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00141–CMA–KMT

DAVID BRACKHAHN, and
CATHERINE BRACKHAHN,

    Plaintiffs,

v.

BRITNEY BEALS-EDER, The Castle Law Group Attorney # 34935,
REAGAN LARKIN, The Castle Law Group Attorney # 42309,
THE CASTLE LAW GROUP, LLC,
JAMES A. CASEY, Magistrate District Court, Archuleta County, CO,
STEVEN ABREU, CEO, GMAC Mortgage, LLC,
KARI KRULL, Witness and Litigation Analyst GMAC Mortgage, LLC,
GMAC MORTGAGE, LLC, and
JOHN DOES 1-10,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiffs' civil rights. The matter comes before the court on Defendants Abreu, Krull, and GMAC Mortgage, LLC's ("GMAC") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) and 8(a)" (Doc. No. 9 [GMAC's Mot.], filed February 13, 2013). Plaintiffs did not file a response to GMAC's Motion.

Also before the court is Defendants The Castle Law Group, LLC ("CLG"), Beall-Eder, and Larkin's (the "Castle Defendants) "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 10 [Castle Defs.' Mot.], filed February 12, 2013), to which Plaintiffs filed

their response on March 27, 2013 (Doc. No. 27 [Resp. Castle Defs.' Mot.]), and the Castle Defendants filed their reply on April 15, 2013 (Doc. No. 39 [Castle Defs.' Reply]).

Also before the court is "Motion to Dismiss of Defendant Casey" (Doc. No. 16 [Def. Casey's Mot.], filed February 19, 2013), to which Plaintiffs filed their response on March 27, 2013 (Doc. No. 28 [Resp. Def. Casey's Mot.]) and Defendant Casey filed a reply on April 15, 2013 (Doc. No. 38 [Def. Casey's Reply).

These motions are ripe for recommendation and ruling.

## STATEMENT OF THE CASE

The following description is taken from Plaintiffs' Complaint. (Doc. No. 1 [Compl.], filed January 22, 2013.) Plaintiffs assert jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1343, 42 U.S.C. §§ 1981 and 1983. (*Id.* at 2.) Plaintiffs filed this action "related to a foreclosure action against the Brackhahns' property, for civil rights violations." (*Id.* at 1.) Plaintiffs seek declaratory and injunctive judgments, plus damages and costs. (*Id.* at 10.)

## LEGAL STANDARD

### 1.    Pro Se *Plaintiff*

Plaintiffs are proceeding *pro se*. The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a

claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### *2. Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that

dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 3.  *Failure to State a Claim Upon Which Relief Can be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### *1.     Defendant Casey's Motion to Dismiss*

Defendant Casey is a Magistrate Judge in the Archuleta County Court. (Compl. at 4.) Plaintiffs allege that a hearing was held in the Archuleta County Court on October 29, 2012 (*id.* ¶ 11), that Plaintiff David Brackhahn challenged the court's jurisdiction and moved for dismissal (*id.*, ¶12), and that, despite this objection, Magistrate Casey held the hearing and authorized the sale of Plaintiffs' property (*id.*, ¶¶ 12, 14). The only claims directed at Defendant Casey are Plaintiffs' fifth, sixth, and eighth claims. (*See id.*, ¶¶ 21, 22 & 24.) The fifth and eighth claims allege that Defendant Casey and others violated rights protected by the Fourth, Fifth, Seventh, and Fourteenth Amendments. (*Id.*,¶ 21.) The sixth claim alleges vaguely that Magistrate Casey and others violated an oath they took to uphold the Constitution. (*Id.*, ¶ 21.) Plaintiffs sue Defendant Casey in both his individual and official capacities; however, they state that Defendant Casey was at all relevant times "acting as a duly appointed official" and "performing his duties as a magistrate." (*Id.*, at 4.)

Federal courts "have proceeded on the assumption that common-law principles of legislative and judicial immunity were incorporated into our judicial system and that they should not be abrogated absent clear legislative intent to do so." *Pulliam v. Allen*, 466 U.S. 522, 529 (1984). Thus, judicial immunity extends to claims of violations of constitutional rights under 42 U.S.C. § 1983, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978), conspiracy claims under 42

U.S.C. § 1985, *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir.1986), and claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, *Simms v. Gibson*, 168 F. App'x 860, 861 (10th Cir. 2006) (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)) (court found that state court judge accused of conduct underlying a RICO claim absolutely immune); *see also Dopp v. Loring*, 54 F. App'x 296, 298 (10th Cir. 2002) (same).

A judge will lose absolute immunity from a suit for damages only for (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity" or (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "The factor determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they deal with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

"It is well established that '[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.' " *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir.2007) (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006)). Section 309(c) of the Federal Courts Improvement Act of 1996 ("FCIA") bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 n.6 (10th Cir. 2008) (quoting the section of the FCIA incorporated into 42 U.S.C. § 1983). Thus, the doctrine of judicial immunity extends to suits against judges where a plaintiff seeks both monetary and injunctive relief. *Id.* (citing *Roth*

*v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006), *cert. denied sub nom*, *Sitomer v. King*, 549 U.S. 1210 (2007)).

A review of Plaintiffs' Complaint reveals that all of the allegations against Defendant Casey arise out of his official duties in handling the foreclosure action and authorizing the sale of Plaintiffs' property, which constitute judicial acts that are normally performed by a judge acting in his judicial capacity.  Moreover, Plaintiffs do not allege that any of Defendant Casey's actions were taken in the complete absence of all jurisdiction.  Finally, there are no allegations that Defendant violated a declaratory decree or that declaratory relief was unavailable to Plaintiffs. *See Lawrence*, 271 F. App'x at 766 n.6.  Thus, Defendant Casey is entitled to absolute judicial immunity on Plaintiffs' claims for money damages and injunctive relief.

Plaintiffs also seek declaratory relief.  "A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act."  271 F. App'x at 766; *see also Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991) (a plaintiff cannot maintain a § 1983 action for declaratory or injunctive relief unless he or she can demonstrate a good chance of being likewise injured in the future). Plaintiffs seek a declaration that their property is immune from seizure and that "[t]hey owe nothing to the public so long as they don't trespass upon their rights."  (Compl. at 10, ¶ a.) Plaintiffs essentially seek to reverse the judgment of the state court.  Such requests for declaratory relief are not justiciable.  *Lawrence*, 271 F. App'x at 766.

Therefore, Defendant Casey is entitled to absolute judicial immunity, and the claims against him are properly dismissed.

## 2. *Remaining Defendants' Motions to Dismiss*

Plaintiffs' Complaint is brought pursuant to 42 U.S.C. § 1983. Plaintiffs allege that the defendants, "including . . . certain Private Parties acting under the color of law and outside the scope of their jurisdiction and authority, willfully caused Plaintiffs damage and injury . . . ." (Compl. at 1–2.) Plaintiffs also allege that the private defendants are "responsible because of their authorization, condemnation, and ratification thereof for the acts of their employees, deprived [Plaintiffs] of their right secured to them by the Constitution of the United States, including but not limited to their fourth amendment right to be secure in their property, their right to be free from unlawful seizure of their property, their seventh amendment right to have a trial by jury, and their 14th amendment right to due process of law." (*Id.*, ¶ 16.)

Section 1983 imposes liability for conduct carried out under the color of state law which deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. To prevail on a claim for damages for a constitutional violation pursuant to section 1983, a plaintiff must establish that a defendant acted under color of state law and caused or contributed to the alleged violation. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Purely private acts are not consider acts under color of state law unless that conduct is furthered by an actual or purported state authority. *Jojola v. Chavez*, 55 F.3d 488, 493 (10th

Cir. 1995). *See also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (court must determine whether the private party's "conduct has sufficiently received the imprimatur of the State so as to make it 'state action' for purposes of the Fourteenth Amendment"). To be "fairly attributable to the state,"

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible." Second, the private party must have "acted together with or . . . obtained significant aid from state officials or engaged in conduct 'otherwise attributable to the State.' "

*Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citations omitted).

"Merely instituting a routine civil suit does not transform a litigant's actions into those taken under color of state law." *Hirsch v. Copenhaver*, 839 F. Supp. 1524, 1531 (D. Wyo. 1993) (quoting *Tunstall v. Office of Judicial Support of Court of Common Pleas*, 820 F.2d 631, 634 (3rd Cir. 1987)). The Tenth Circuit has held that a private party does not become a state actor simply by seeking relief through state judicial proceedings. *Cf. Scott v. Hern*, 216 F.3d 897, 906–07 (10th Cir. 2000) (private individual does not engage in state action simply by availing itself of a state procedure). "It is well established that mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983." *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991). Similarly, relief under § 1983 cannot be premised solely on an argument that a private actor misused available state procedures, particularly in the absence of overt and significant assistance from state officials. *Cobb v. Saturn Land Company, Inc.*, 966 F.2d 1334, 1336–37 (10th Cir. 1992).

Here, Plaintiffs have alleged no facts that any of the private defendants "exercised power 'possessed by virtue of state law and made possible only because the [private defendants were] clothed with the authority of state law." *West*, 487 U.S. at 49. Plaintiffs have alleged no facts that the private defendants alleged acts were "furthered by an actual or purported state authority," *Jojola*, 55 F.3d at 493, or that the private defendants "acted together with . . . obtained significant aid from state officials." *Pino*, 75 F.3d at 1465. As to Defendants Beal-Eder and Larkin, who Plaintiffs allege are attorneys employed by Defendant the Castle Law Group (*id.* at 3–4), it is well-established law that a private attorney, though an "officer of the court," is not a state actor for purposes of section 1983. *See Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983); *Phillips v. Fisher*, 445 F. Supp. 552, 554 (D. Kan. 1977).[1]

Accordingly, Plaintiff have failed to state a claim pursuant to section 1983 against Defendants Beal-Eder, Larkin, The Castle Law Group, LLC, Abreu, Krull, or GMAC Mortgage, LLC, and their motions to dismiss should be granted.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that

---

[1] To the extent Plaintiff seeks relief under 42 U.S.C. § 1981, the claims also fail. Section 1981 actions have been consistently limited to racial discrimination allegations. *Runyon v. McCrary*, 427 U.S. 160 (1976); *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968 (10th Cir. 1979). Plaintiffs' Complaint is devoid of any allegations that they were discriminated against in any manner.

1. Defendants Abreu, Krull, and GMAC Mortgage, LLC's ("GMAC") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1) and 8(a)" (Doc. No. 9) be **GRANTED**;

2. Defendants The Castle Law Group, LLC , Beall-Eder, and Larkin's "Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 10) be **GRANTED**;

3. The "Motion to Dismiss of Defendant Casey" (Doc. No. 16) be **GRANTED**; and

4. This case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day May, 2013.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge